UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

    ALLEN C. DAW                                        Case No. 08-30982-dof
    and JUDITH A. DAW,                           Chapter 13 Proceeding
               Debtors.                                Hon. Daniel S. Opperman
_____/

OPINION REGARDING UNITED STATES TRUSTEE'S MOTION FOR ORDER
AUTHORIZING EXAMINATION OF NATIONSTAR MORTGAGE, LLC AND REQUIRING
<u>PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. BANKR. 2004</u>

<u>Introduction</u>

The Debtors filed their petition seeking Chapter 13 relief with this Court on March 12, 2008, and in their Chapter 13 Plan proposed to cure any arrearage owed on their mortgage to Bank of America ("BOA"), as well as continue their regular monthly payments on their mortgage. The mortgage is on the Debtors' home and secures their obligation to BOA. The Debtors' Chapter 13 Plan was confirmed on June 12, 2008, and payments were completed as required by the Chapter 13 Plan. As part of the completion process, the Chapter 13 Trustee filed a Notice of Final Cure Payment and Notice of Completion of Plan Payments ("Notice"). By July 3, 2013, BOA had transferred its claim in this case to Nationstar Mortgage, LLC ("Nationstar") via a Transfer of Claim dated and filed with the Court on September 1, 2012. The Notice was sent to Nationstar and Nationstar did not object to the Notice. The Debtors received a discharge on July 30, 2013.

Nationstar, contrary to the terms of the Notice and Discharge, took certain actions against the Debtors, asserting that monies were owed by the Debtors to Nationstar. The Debtors retained counsel, sorted through some issues to the extent that foreclosure on their home did not occur, but filed a Motion for Sanctions with this Court. Later, the United States Trustee filed the instant Motion. Nationstar responded to each Motion and the Court heard arguments on February 25, 2015.

1

As to the Debtors' Motion, the Court opened discovery, but did not set an evidentiary hearing date. As to the Motion of the United States Trustee, the Court took that matter under advisement.

### Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate) and (B) (allowance or disallowance of claims against the estate).

The issues in this matter arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, ---- U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the United States Supreme Court in *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014). *See also Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

### 2004 Examinations

Federal Rule of Bankruptcy Procedure 2004 provides generally for discovery. Rule 2004(a) states:

(a) Examination on motion

>  On motion of any party in interest, the court may order the examination of any entity.

The examination of the debtor, and of third parties, is limited by Rule 2004(b) to:

> the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. . .

The scope of Rule 2004(b) is very broad:

2

> The scope of a Rule 2004 examination is "unfettered and broad" and the rule itself is "peculiar to bankruptcy law and procedure because it affords few of the procedural safeguards that an examination under Rule 26 of the Federal Rules of Civil Procedure does." *In re GHR Energy Corp.,* 33 B.R. 451, 453-54 (Bankr. D. Mass. 1983); *In re GHR Companies, Inc.,* 41 B.R. 655, 660 (Bankr. D. Mass. 1984). Examinations under Rule 2004 are allowed for the "purpose of discovering assets and unearthing frauds" and have been compared to "a fishing expedition." *In re GHR Energy Corp.,* 33 B.R. 451, 453 (Bankr. D. Mass. 1983)(citing *In re Foerst*, 93 F. 190, 191 (S.D.N.Y. 1899)). There are limits to the scope of a 2004 examination. It may not be used for "purposes of abuse or harassment" and it "cannot stray into matters which are not relevant to the basic inquiry." *In re Mittco, Inc.,* 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984).

*In re Table Talk*, 51 B.R. 143, 145 (Bankr. D. Mass. 1985); *In re Duratech Indus., Inc.,* 241 B.R. 283, 289 (E.D.N.Y. 1999).

<u>Applicable Law</u>

The Bankruptcy Code, 11 U.S.C. § 307 provides that "[t]he United States trustee may raise and may appear and be heard on any issue in any case or proceeding under this title but may not file a plan pursuant to § 1121(c) of this title." The United States Trustee's authority under this section is broad. "A lack of pecuniary interest in the outcome of a bankruptcy proceeding does not deny the U.S. Trustee standing." *See, e.g., U.S. Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994). "U.S. Trustees are officers of the Department of Justice who protect the public interest by aiding bankruptcy judges in monitoring certain aspects of bankruptcy proceedings." *United Artists Theatre Co. v. Walton (In re United Artists Theatre Co.*), 315 F.3d 217, 225 (3d Cir. 2003) (citing *Columbia Gas*, 33 F.3d at 195-96; *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 499-500 (6th Cir. 1990)).

In addition to the authority granted the United States Trustee by Section 307 of the Bankruptcy code, 28 U.S.C. § 586(a)(3)(F) directs the United States Trustee to notify

– – the United States attorney of matters or actions which may constitute a crime under the laws of the United States and, if asked, assist the United States attorney in carrying out prosecutions based on such action.

The broad authority granted to the United States Trustee under Section 307 of the Bankruptcy Code is circumscribed by the specific duties set out in Title 28. Section 586 is a non-exclusive list of the United States Trustee's duties. *Walton v. Countrywide Home Loans, Inc.,* 2009 WL 1905035 (S.D. Fl. 2009) and cases cited therein. While the authority of the United States Trustee to request and conduct examinations under Rule 2004 is not expressly granted, there is no doubt that such authority exists.

This Court, as well as other bankruptcy judges in this District, have concluded that the United States Trustee has standing to pursue this type of motion, and the Court concludes that such is the majority view. *See, e.g., In re Countrywide Home Loans, Inc.,* 384 B.R. 373 (Bankr. W.D. Pa. 2008); *see also In re Davis*, 452 B.R. 610 (Bankr. E.D. Mich. 2011) (Shefferly, C.J.), as well as bench opinions issued by other bankruptcy judges in this District holding the same.

As to the request for a 2004 examination and the accompanying request for documents, the requesting party must show "good cause". As explained by Chief Judge Shefferly in his well-reasoned Opinion in the case of *In re Davis*, the case law provides the applicable standard for "good cause":

> If the [subject] challenges the right of the examiner to conduct a Rule 2004 examination, then the examiner has the burden of establishing that "good cause" exists for taking the examination. Good cause is established if the one seeking the Rule 2004 examination has shown that such an examination is reasonably necessary for the protection of its legitimate interests.
> . . .
>
> [A court must also] balance the examiner's interest against the [subject]'s interest in avoiding the cost and burden of disclosure.

4

The courts have articulated the applicable standard in: *Bank One, Columbus, N.A. v. Hammond (In re Hammond)*, 140 B.R. 197, 201 (S.D. Ohio 1992); and *Davis*, 452 B.R. at 617 (quoting *Hammond*, 140 B.R. at 201). In certain situations, the Court may consider the totality of the circumstances. *Hammond*, 140 B.R. at 201.

As stated in *Davis* and *Countrywide*, the Court concludes the United States Trustee does have standing to file the instant Motion. What is not so clear is the scope of that examination. The United States Trustee requests a broad scope; Nationstar argues for a narrower scope.

The Court notes the limited time frame, starting with the September 1, 2012, transfer of the claim from BOA to Nationstar, as well as the potential narrow issue of how and why Nationstar handled this matter as it did. For the purposes of this Motion, the Court finds good cause for the United States Trustee to examine facts starting with the September 1, 2012, transfer of claim, which could require investigation to an earlier period as to the particulars of that transfer. Also, examination of all facts surrounding the servicing and action to the present of Debtors' account, including internal and external communications by Nationstar to the Debtors, their attorneys, and to Nationstar's attorneys is appropriate. Correspondingly, all documents regarding this time period and topics are subject to production and disclosure. To the extent that confidential materials may be involved, the Court will enter a protective order as it has in cases involving similar issues.

The Court does not preclude all the relief the United States Trustee has requested, but first will allow full discovery for a finite time and specific area of inquiry. If needed, the Court will expand the areas. Because of the nature of this Motion and Response, the Court will schedule a telephonic status conference and will contact counsel to arrange a convenient time and date.

Counsel for the United States Trustee is directed to prepare an Order consistent with this Opinion and the presentment rules of the Court.

**Signed on April 02, 2015**

                ___/s/ Daniel S. Opperman___

Daniel S. Opperman
                                        United States Bankruptcy Judge